UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JUDITH BLOWE,

    Plaintiff,

    v.

DOUG BURGUM,

    Defendant.

Civil Action No. 15-822 (JEB)

**MEMORANDUM OPINION AND ORDER**

    This long-running employment-discrimination case arises from Plaintiff Judith Blowe's tenure as a Human Resources Specialist at the Department of the Interior, where she alleges that a litany of workplace tribulations amounted to discrimination based on race, color, sex, and age, along with retaliation and a hostile work environment. After years of delay caused largely by Blowe's serious health issues, the case was fully teed up for dispositive motions, and on August 18, 2025, this Court issued its Memorandum Opinion and Order granting the Government's Motion for Summary Judgment. See ECF Nos. 94 (Order); 95 (Mem. Op.).

    Blowe timely moves for reconsideration under Federal Rule of Civil Procedure 59(e) and, alternatively, under Rule 60(b). See ECF No. 96 (Mot. for Recons.) at 3. Because she has failed to demonstrate that relief is warranted under either Rule, the Court will deny the Motion.

**I.    Legal Standard**

    Rule 59(e) permits the filing of a motion to alter or amend a judgment when such motion is filed within 28 days after the judgment's entry. The court must apply a "stringent" standard when evaluating Rule 59(e) motions. Ciralsky v. CIA, 355 F.3d 661, 673 (D.C. Cir. 2004) (quoting Firestone v. Firestone, 76 F.3d 1205, 1208 (D.C. Cir. 1996)). "A Rule 59(e) motion 'is

1

discretionary' and need not be granted unless the district court finds that there is an 'intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" Firestone, 76 F.3d at 1208 (quoting Nat'l Trust for Historic Pres. v. Dep't of State, 834 F. Supp. 453, 455 (D.D.C. 1993)); see also 11 Wright & Miller's Federal Practice & Procedure § 2810.1 (3d ed. Sep. 2025 update) (reiterating "four basic grounds" for Rule 59(e) motion). Rule 59(e), moreover, "is not a vehicle to present a new legal theory that was available prior to judgment." Patton Boggs LLP v. Chevron Corp., 683 F.3d 397, 403 (D.C. Cir. 2012).

Rule 60(b), conversely, governs relief from final judgments or orders. More specifically, Rule 60(b)(1) permits a court to "relieve a party . . . from a final judgment, order, or proceeding for the following reasons: . . . mistake, inadvertence, surprise, or excusable neglect." That Rule also extends, in limited circumstances, to mistakes attributable to the court itself. See Kemp v. United States, 596 U.S. 528, 530 (2022) ("mistake" under Rule 60(b)(1) "includes a judge's errors of law"). Circumstances sufficient for relief include errors such as a court's "basing its legal reasoning on case law that it failed to realize had recently been overturned" or "in the very limited situation when the controlling law of the circuit changed between the time of the court's judgment and the Rule 60 motion." Avila v. Dailey, 404 F. Supp. 3d 15, 23 (D.D.C. 2019) (internal quotation marks and citations omitted).

Rule 60(b)(6), in turn, allows the vacating of a judgment for "any other reason that justifies relief." Because the Rule is "essentially boundless[,] . . . the Supreme Court has held that it applies only to 'extraordinary' situations," and the D.C. Circuit has cautioned that it should be used "sparingly." Twelve John Does v. District of Columbia, 841 F.2d 1133, 1140 (D.C. Cir. 1988). Extraordinary circumstances exist "when a party timely presents a previously

undisclosed fact so central to the litigation that it shows the initial judgment to have been manifestly unjust.'" Salazar v. District of Columbia, 633 F.3d 1110, 1121 (D.C. Cir. 2011) (cleaned up).

## II.     Analysis

Plaintiff argues that the Court committed a trifecta of errors in its prior decision by misapplying the governing adverse-action standard, improperly weighing evidence against her, and incorrectly dismissing her hostile-work-environment claim as conceded.  See Mot. for Recons. at 4–5.  The Court addresses these in turn.

First up is the adverse-action standard.  Blowe contends that the Court misapplied Muldrow v. City of St. Louis, 601 U.S. 346 (2024), by discounting harms including training denials, removal of duties, performance ratings, and a failed promotion.  Id. at 4.  She posits that these acts "created concrete, adverse consequences" for her career and thus meet the "some harm" standard endorsed by Muldrow.  Id.  That argument misreads the Court's prior ruling.

For most of the challenged actions, the Court did not reject Plaintiff's claims because the alleged harms were insufficiently adverse, but because she never produced evidence from which a jury could conclude that the employer took the adverse action "'because of' [Blowe's] membership in a protected class," as required by Title VII.  See Mem. Op. at 10 (quoting Bostock v. Clayton County, 590 U.S. 644, 656 (2020)).  That is true of Plaintiff's desk-audit and training-denial claims.  Id. at 12 ("Blowe has not produced any evidence that gives rise to an inference that the desk audit's unfavorable result was caused by her race . . . sex, or age.") (cleaned up); id. at 13 (reaching same conclusion for her training-denial claims).  Because these claims do not establish a jury question on causation, Muldrow's some-harm standard is irrelevant.

Nor does she fare better with her performance-evaluation and failure-to-promote claims. As to the former, the Court expressly applied Muldrow's "some harm" standard and concluded that Plaintiff's evaluation — revised upward from "superior" to "exceptional" — did not result in any cognizable harm. Id. at 13–14. As to the latter, the Court recognized that "[t]here is no question that failure to promote is an adverse action." Id. at 14 (internal quotation marks and citation omitted). It then granted summary judgment for the Government because Blowe did not show that the agency's proffered reasons for choosing another candidate were mere pretext. Id. at 17–18. Because the Court applied the correct legal standard and Plaintiff's reliance on Muldrow is inapposite, reconsideration is not warranted.

Next, Blowe asserts that the Court both improperly ignored her testimony and credited the Government's version of the story at summary judgment. See Mot. for Recons. at 4–5. She first contends that the Court disregarded her sworn testimony that she was denied training opportunities afforded to white colleagues. Id. at 4. Contrary to her assertion, the Court did acknowledge her testimony regarding denial of trainings, see Mem. Op. at 12, but concluded that it was insufficient to create a triable issue because "Blowe has identified no reason to believe [her supervisor]'s training-related decisions were because of her race." Id. The Court's assessment thus reflects the consideration of her testimony and application of settled summary-judgment principles.

Blowe next points to conflicting testimony on the timing of her duty removals and the desk audit, arguing that the Court improperly adopted the agency's account of the sequence of events. See Mot. for Recons. at 4. That is not what the Court did. See Mem. Op. at 9 (crediting Plaintiff's account that Blowe's supervisor "fed [the auditor] false information about the role's responsibilities, took away Blowe's job duties, and gave credit to herself and others for Blowe's

4

work"). All the same, the precise ordering of those events does not alter the outcome. As the Court explained, the dispositive defect in Plaintiff's duty-removal claim is the absence of evidence linking the challenged actions to her protected characteristics. Id. at 10–11. As the Court neither weighed credibility nor drew inferences against her, Blowe's second set of arguments provides no basis for reconsideration.

Plaintiff finally contends that the Court's dismissal of her hostile-work-environment claim as conceded created manifest injustice. See Mot. for Recons. at 5. That argument goes nowhere for two reasons. First, because Plaintiff did not respond to Defendant's argument that she had failed to establish a hostile environment, the Court was entitled to treat the claim as conceded. See Mem. Op. at 6 (citing Wilkins v. Jackson, 750 F. Supp. 2d 160, 162 (D.D.C. 2010)). In any event, the Court's analysis did not stop there. Instead, it proceeded to consider the claim on the merits and concluded that Plaintiff's evidence "falls well short of the high bar for demonstrating a hostile environment." Id. In reaching that conclusion, the Court looked at "the totality of the circumstances," id. (quoting Baloch v. Kempthorne, 550 F.3d 1191, 1201 (D.C. Cir. 2008)), and considered the full range of incidents that Blowe complained of, including "declining to upgrade her position, refusing to allow her to attend trainings, awarding her only the second-highest performance rating, and hiring somebody else for a job." Id. at 7. The Court explained that these incidents, "while perhaps unpleasant, cannot 'be characterized as sufficiently intimidating or offensive in an ordinary workplace context.'" Id. (quoting Nurriddin v. Bolden, 674 F. Supp. 2d 64, 94 (D.D.C. 2009)). It also noted that Plaintiff offered only conclusory assertions that any of these actions were motivated by her protected characteristics. Id. Because the Court both permissibly treated the claim as conceded and independently determined that it

5

failed on the merits, Plaintiff has not shown — under Rule 59(e) or Rule 60(b) — that reconsideration is necessary to prevent manifest injustice.

    For the reasons stated above, the Court ORDERS that Plaintiff's [96] Motion for Reconsideration is DENIED.

                                        /s/ *James E. Boasberg*
                                        JAMES E. BOASBERG
                                        Chief Judge

Date:  December 17, 2025